# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| **ALBERTUS CONNER, JR.** | **CIVIL ACTION NO. 05-774-P** |
| **VERSUS** | **JUDGE HICKS** |
| **STEVE PRATOR, ET AL.** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a petition for writ of habeas corpus filed by pro se petitioner Albertus Conner, Jr., pursuant to 28 U.S.C. § 2254. This petition was received and filed in this Court on May 3, 2005. Petitioner is incarcerated in the Natchitoches Detention Center in Natchitoches, Louisiana. He challenges his current detention. Petitioner names Steve Prator, Mr. Phillips, the Louisiana Parole Board, Richard Stalder and the State of Louisiana as respondents.

Petitioner claims Bob Lee forced him to sign a voluntary waiver of rights. He claims he requested an attorney and his request was denied. He claims Lee told him that if he did not sign the waiver, he would recommend him for a violation. Plaintiff claims he signed the waiver under duress with the understanding that he would be released after 90 days.

Petitioner claims that while at the Concordia Parish Correctional Center on a parole detainer, he was not given credit for time served. He complains he is being forced to serve the same sentence twice.

As relief, Petitioner seeks a habeas hearing, credit for time served before the revocation,

a declaratory judgment, protection from redress and appointment of an attorney.

For the reasons stated below, Petitioner's application for habeas relief should be dismissed without prejudice for failure to exhaust state court remedies.

**LAW AND ANALYSIS**

Habeas corpus relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, the right to pursue habeas relief in federal court is not unqualified. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies. *See Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity, providing state courts first opportunity to pass upon and correct alleged constitutional violations. *See Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, (1971); *Rose*, 455 U.S. at 509, 102 S. Ct. at 1198. Moreover, in the event that the record or the habeas corpus petition, on its face, reveals that the petitioner has not complied with the exhaustion requirement, a United States district court is expressly authorized to dismiss the claim. *See Resendez v. McKaskle*, 722 F.2d 227, 231 (5th Cir. 1984).

Although Petitioner has provided this Court with numerous documents[1], he has failed to provide documentation to evidence that his claims were fully exhausted in the state courts. Specifically, Petitioner has failed to provide documentation that his claims were raised in the Supreme Court of Louisiana. Thus, Petitioner has failed to exhaust all available state court remedies prior to filing his petition in this Court.

Accordingly;

---

[1] Petitioner filed one document (#11) as an amendment in this action and 05-cv-685.

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE.**

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions that were accepted by the district court and not objected to by the aforementioned party. *See Douglass v. U.S.A.A.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Monroe, Louisiana, this 10th day of January 2006.

CC:SMH

KAREN L. HAYES
U. S. MAGISTRATE JUDGE